UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 10 PM 2:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. |
| Plaintiff, | '08 MJ 2098 |
| v. | COMPLAINT FOR VIOLATION OF: |
| Odilon CIRA-Ramirez, Gerardo SALTO-Rocha | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) |
| Defendant(s) | Bringing in Illegal Aliens Without Presentation |

The undersigned complainant, being duly sworn, states:

On or about **July 8, 2008** within the Southern District of California, defendant **Odilon CIRA-Ramirez and Gerardo SALTO-Rocha** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Moises RAMIREZ-Valdez, Pedro Cain NIETO-Rojas, Epifanio BARAJAS-Rodriguez, and Jose Bineros HERNANDEZ-Rivas** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **10th** DAY OF **JULY 2008.**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE


**CONTINUATION OF COMPLAINT:**
**Odilon CIRA-Ramirez and**
**Gerardo SALTO-Rocha**

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Moises RAMIREZ-Valdez, Pedro Cain NIETO-Rojas, Epifanio BARAJAS-Rodriguez, and Jose Bineros HERNANDEZ-Rivas** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 8, 2008, Border Patrol Agent K. Busiere of the El Centro Sector Border Patrol Search and Trauma and Rescue team (BORSTAR), was working in an area known as Carrizo Springs. This area is located approximately 17 miles east of the Tecate, California Port of Entry and 8 miles north of the United States/Mexico International Border. At approximately 5:00 p.m., Agent Busiere observed an individual later identified as Moises RAMIREZ-Valdez, sitting on the side of California State Route SR2 (CA SR2). RAMIREZ began to wave his arms in an attempt to get the attention of Agent Busiere. Agent Busiere stopped, spoke with RAMIREZ and realized that RAMIREZ was suffering from heat exposure and immediately radioed for assistance. Border Patrol Agent M. Correa responded and upon arriving at the scene he began conducting an assessment of RAMIREZ's condition and attempted to determine if any other people were lost or distressed in the area. RAMIREZ told Agent Correa that he had been traveling with a group of three. He stated he left his group behind and that at least one of them was already dead. RAMIREZ stated that he believed there was another group of approximately six people lost in the desert somewhere south of CA SR-2. RAMIREZ stated that the person who had died was an acquaintance of his, Cristobal CAMAL-Chan.

RAMIREZ stated that he and two other individuals were led into the United States by a foot guide, later identified as defendant #1 **Odilon CIRA-Ramirez**. RAMIREZ stated that CAMAL began suffering from heat exposure and the CIRA told them to wait while he went to get water. RAMIREZ stated that they waited for several hours for CIRA to return with water. During the wait, Cristobal CAMAL-Chan succumbed to heat exposure and died. RAMIREZ stated that he and another member of his group, Juan Antonio ALEMAN-Recho attempted to continue on in search of water or assistance. Soon after ALEMAN started suffering from cramps and became delirious. RAMIREZ stated he left him in a shaded area and continued searching for water or help.

RAMIREZ stated that he encountered another person on the trail, who was later identified as the defendant #2, **Gerardo SALTO-Rocha**. SALTO told RAMIREZ that he had been traveling with five other people but left them behind to locate water. RAMIREZ and SALTO continued on and a short while later encountered defendant #1 CIRA. RAMIREZ stated that when he and SALTO encountered CIRA, RAMIREZ told CIRA that CAMAL-Chan had died and that ALEMAN was suffering from heat related cramps and disorientation. RAMIREZ stated that CIRA and SALTO then told him to wait while they went to look for more water and help. RAMIREZ didn't think that CIRO and SALTO would return, so he continued north in search of a road.



**CONTINUATION OF COMPLAINT:**
Odilon CIRA-Ramirez and
Gerardo SALTO-Rocha

After hearing RAMIREZ's statement Agent Busiere requested CBP Air support for a potential rescue operation and began backtracking the individual's footprints in an attempt to locate any other distressed people. Agent Correa placed RAMIREZ in his vehicle to search for other people that might need medical attention. They drove into Carrizo Wash where they found the deceased body of ALEMAN-Recho. CBP Air support advised Agents that two additional individuals had been found walking a few miles away. CBP Air landed and Supervisory Border Patrol Agent A. Lauie responded and made contact with the two individuals later identified as Pedro Cain NIETO-Rojas and Epifanio BRAJAS-Rodriguez.

An unidentified motorist notified Border Patrol that two adult males were walking along the road nearby. Agent Correa responded and encountered two individuals later identified as the defendants Odilon CIRA-Ramirez and Gerardo SALTO-Rocha. Agent Correa transported them back to where emergency medical services were set up. While defendant #1 CIRA was being examined, RAMIREZ stated to Agent Busiere that the person being examined was the footguide who had abandoned him and his group. Both defendants were suffering from mild dehydration and were transported by ambulance to the Palomar Medical Center in Escondido, California. NIETO was determined to be suffering from severe dehydration and was transported via Life Flight to Palomar Hospital.

On July 9, 2008, the North County Smuggling Interdiction Group (SIG) was called out and arrived at Palomar Hospital in Escondido, California. NIETO, who was air lifted to the hospital, was treated and discharged from the hospital. Agent Hays identified himself as a Border Patrol Agent and questioned the individual as to his citizenship and if he had any immigration documents that would allow him to enter into or remain in the United States legally. NIETO admitted to being a citizen of Mexico and stated that he did not have any immigration documents. NIETO was arrested and transported to the Murrieta Border Patrol Station for processing.

On July 9, 2008, at approximately 5:30 a.m., defendant #2 SALTO was discharged from the hospital. At approximately 5:35 a.m. Agent Mondragon identified himself as a Border Patrol Agent and asked defendant #2 SALTO to state his country of citizenship and if he was in possession of any immigration documents that would allow him to be or remain in the United States legally. Defendant #2 SALTO stated that he was a citizen of Mexico and that he was not in possession of any immigration documents. Defendant #2 SALTO was arrested and transported to the Murrieta Border Patrol Station for processing.

At approximately 5:35 a.m., defendant #1 CIRA was discharged from the hospital; at approximately 5:40 a.m., Agent Mondragon identified himself as a Border Patrol Agent and asked defendant #1 CIRA to state his country of citizenship and if he was in possession of any immigration documents that would allow him to be or remain in the United States legally. Defendant #1 CIRA stated that he was a citizen of Mexico and that he did not possess any immigration documents. Defendant #1 CIRA was arrested and transported to the Murrieta Border Patrol Station for processing.



**CONTINUATION OF COMPLAINT:**
**Odilon CIRA-Ramirez and**
**Gerardo SALTO-Rocha**

**DEFENDANT #1 STATEMENT:** Odilon CIRA-Ramirez

**Odilon CIRA-RAMIREZ** was advised of his Miranda rights, which he stated he understood and was willing to answer questions without having an attorney present. CIRA stated that he was a citizen and national of Mexico without having any immigration documents allowing him to be or remain in the United States legally.

He gave an account of events inconsistent with the accounts given by the material witnesses and co-defendant Gerardo SALTO-Rocha. CIRA admits, however, that he knew defendant SALTO because the two are related.

**DEFENDANT #2 STATEMENT:** Gerardo SALTO-Rocha

**GERARDO SALTO-Rocha** was advised of his Miranda rights, which he stated he understood and was willing to answer questions without having an attorney present. SALTO stated that he was a citizen and national of Mexico without having any immigration documents allowing him to be or remain in the United States legally.

SALTO stated that he entered near Tecate, California on July 7, 2008 with a group of about five undocumented aliens. SALTO stated that he was being accompanied by his uncle.

**MATERIAL WITNESSES STATEMENTS:**

Material Witness **Moises RAMIREZ-Valdez** admitted to being a citizen of Mexico without any immigration documents allowing him to be or remain in the United States legally. He stated he was going to pay $2000.00 to be smuggled to Los Angeles, California. RAMIREZ stated that defendant #2, SALTO, told him that he had left his group because they had fallen behind. He also was able to identify defendant #1, CIRA, as his foot guide when he was shown a photographic line-up.

Material Witness **Pedro Cain NIETO-Rojas** admitted to being a citizen of Mexico without any immigration documents allowing him to be or remain in the United States legally. He stated that his family made arrangements and he was going to pay $5000.00 to be smuggled into the United States. NIETO was shown a photographic line-up and was able to identify Defendant #2 Gerardo SALTO-Rocha, as his foot guide.

**CONTINUATION OF COMPLAINT:**
**Odilon CIRA-Ramirez and**
**Gerardo SALTO-Rocha**

Material Witness **Epifano BARAJAS-Rodriguez** admitted to being a citizen of Mexico without any immigration documents allowing them to be or remain in the United States legally. He stated his family made arrangements and he was going to pay $2000.00 to be smuggled into the United States. BARAJAS was shown a photographic line-up was able to identify Defendant #2, Gerardo SALTO-Rocha, as his foot guide.

Material Witness **Jose Bineros HERNANDEZ-Rivas** admitted to being a citizen of Mexico without any immigration documents allowing him to in be or remain in the United States legally. He stated he made arrangements and he was going to pay $3000.00 to be smuggled into the United States.

A third body was discovered on July 9, 2008 at approximately 1:45 p.m. The body was identified as Lidio ROCHA-Diaz and it was determined to be the uncle of defendant #2 Gerardo SALTO-Rocha.

_____
James Trombley
Senior Patrol Agent

_____
William McCurine Jr.
U.S. Magistrate Judge

7/10/08, 1356hrs
Date/Time